**DAVID K. BERTAN**
ATTORNEY AT LAW
888 GRAND CONCOURSE, SUITE 1N
BRONX, NEW YORK 10451

(718) 742-1688
FAX (718) 585-8640
E-MAIL: DBERTAN@YAHOO.COM

January 3, 2016

**Via ECF**

Hon. Kimba M. Wood
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

        RE:    USA v. Calovskis
                   12-Cr-487 (KMW)

Dear Judge Wood:

      I am submitting this letter in furtherance of my sentencing memorandum of November 25, 2015, and in response to the Court's Order of December 11, 2015.

      Specifically, this Court questioned the sentence range set by the plea agreement, and expressed concern that the goal of general deterrence would not be served by a 24 month sentence. For the reasons listed in the Government's letter dated December 29, 2015, and for the reasons below, I respectfully submit that a sentence within the plea agreement's guideline range would satisfy all the factors of 18 U.S.C. § 3553.

      At the outset, the Government accurately detailed Mr. Calovskis' participation in the conspiracy. While the Gozi Virus may have infected up to 17,000 computers in the U.S, even the Government agrees that Mr. Calovskis' web inject did not end up on every computer infected by the Gozi Virus. Moreover, as the Government stated, the minimal amount Mr. Caloviskis received ($1,000) for his work is representative of his minimal involvement in the conspiracy. Mr. Calovskis earned no other benefit from his involvement in the conspiracy and had no other participation in it. Mr. Calovskis was not involved in creating or distributing the Gozi Virus itself, did not join the conspiracy until several years after the Virus was created, and was only involved for a short period of time.

A defendant should be punished in a way that fits his or her conduct, and that furthers the goals of punishment. A sentence that puts too much emphasis on general deterrence would be specifically unfair, especially in a case where the defendant was more minimally involved in the crime. Here, by way of example, imposing a sentence in excess of 24 months would be inordinately unfair to Mr. Calovskis, who had a limited and minimal involvement in the overall conspiracy.

Second, a number of studies and reports have concluded that imprisonment does not necessarily deter criminal activity. For example, a noted criminologist at the University of South Florida noted that current research suggested that there is little media effect from harsh sentences, while most individuals get their information about the probability of arrest from personal experience. Michael J. Lynch, *Beating a dead horse: is there any basic empirical evidence for the deterrent effect of punishment?*, 31 Crime, Law & Social Change 347 (1999).

A report prepared by members of the Institute of Criminology at Cambridge University comes to the same conclusion. That report examined penalties in both the U.S. and several European nations, concluding that when considering the severity of punishment, there is no basis for inferring that more severe sentences enhance deterrent effects. Hirsh, *et. al., Criminal Deterrence and Sentence Severity: An Analysis of Recent Research,* (1999).

In this case, Mr. Calovskis was a minor part of a large conspiracy. His role was limited to developing a single bit of code, for which he was paid a relatively modest amount. He did not develop or create the Gozi Virus. He entered the conspiracy well after inception, for a limited purpose, and had no further involvement once he created and delivered his web inject.

While the Court's concern regarding the deterrent effect of the sentence in this case is valid, the fact remains that Mr. Calovskis was arrested and deported, after spending over 10 months in jail, and faces a total of 2 years in jail. A sentence between 18 and 24 months is not insubstantial, and would send a strong message that even minimal involvement in computer fraud carries a great price.

Finally, as noted, Mr. Calovskis has spent over 20 months in jail, 10 of which was spent in Latvia, under harsh conditions. He should be given credit for that time as part of his sentence in this case.

Very truly yours,

-s-

David K. Bertan

DKB
cc:     AUSA Daniel Tehrani (via e-mail)